UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK COBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 24-CV-11244-AK |
| ) | |
| STEVEN TOMPKINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**A. KELLEY, D.J.**

Plaintiff Mark Coburn, while a pretrial detainee in custody at the Suffolk County Jail in Boston, Massachusetts, initiated this action by filing a self-prepared complaint against the Commonwealth of Massachusetts and the Superintendent of the Suffolk County Jail. [Dkt. 1]. At that time, Coburn's motion for leave to proceed *in forma pauperis* was denied without prejudice to renewing with a copy of his prison account statement. [Dkt. 4].

Coburn has since filed an amended complaint against Steven Tompkins as well as a notice of change of address to Winchester, New Hampshire. [Dkts. 11, 14]. Also pending are Coburn's motion for default judgment as to the Commonwealth [Dkt. 8], two renewed motions for leave to proceed proceed *in forma pauperis* [Dkts. 9, 13], motion to appoint counsel [Dkt. 12], motion to recuse [Dkt. 19], motion to compel discovery [Dkt. 20], motion to compel summons service [Dkt. 21], and motion to erect court rules and procedures [Dkt. 23].

After review of Plaintiff's filings, the Court rules as follows:

1

1. **Motion for Default**

On May 9, 2024, Coburn was granted 21 days to either pay the filing fee or file a renewed motion with a copy of his prison account statement. [Dkt. No. 4]. In his motion for default judgment, Coburn mistakenly asserts that on May 9, 2024, the Court had ordered the defendants to answer in 21 days. [Dkt. 8]. However, summons have not issued in this case and the defendants have not yet been served. Accordingly, the motion for default judgment is denied as premature.

2. **Motions for Leave to Proceed In Forma Pauperis**

Now pending are Coburn's two motions for leave to proceed *in forma pauperis*. [Dkts. 9, 13]. Each motion is accompanied by Coburn's prison financial statements. [Id.]. Because Coburn is no longer incarcerated, he will not be assessed an initial filing fee. Accordingly, the Court finds as moot [Dkt. 9] motion for leave to proceed *in forma pauperis* and allows [Dkt. 13] motion for leave to proceed *in forma pauperis*.

3. **Motion to Appoint Counsel**

In his motion to appoint counsel [Dkt. 12], Coburn states, among other things, that he has been unsuccessful in his attempts to hire counsel. The *in forma pauperis* statute permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although this Court has statutory authority to appoint counsel, there is no constitutional right to a free lawyer in a civil case. See DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991). At this early stage of the proceedings, the motion [Dkt. 12] is denied without prejudice where the defendants have not yet been served and have not yet filed a responsive pleading.

### 4. Motion to Recuse

In his motion to recuse [Dkt. 19], Coburn states, among other things, that there is an appearance of impropriety based on the failure of the assigned judge to issue summons. [Id. at 2]. Coburn states that "a phone call was made to an ex-friend recorded at the Nashua St. Jail in which a conversation took place concerning the Judge." [Id. at 1]. He expresses concern about religious discrimination and references the "documented history [of Frank Olney] as a Deacon for the Catholic Church [and] as outlined in the FBI file of Judge Angel Kelley. [Id. at 2].

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981).

The Court finds that Coburn has not offered any facts to support a finding of impartiality. Not only do I not know a Frank Olney, but I also do not know who the FBI contacted as part of their investigation before my confirmation. Accordingly, the motion to recuse is denied.

### 5. Motions to Compel Discovery and to Erect Court Rules and Procedures

Coburn's attempt to seek discovery at this early stage of litigation is premature. To the extent Coburn seeks to submit handwritten pleadings, [see Dkt. 23], Coburn's handwritten motions are legible. Thus, the motions [Dkts. 20, 23] are denied.

### 6. The Clerk shall Issue a Summons for Service of Defendant Tomkins

Coburn's motion [Dkt. 21] to compel issuance of summons is denied because Coburn's amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Construing Coburn's allegations liberally, his claim concerning his continued detention after he posted bail is not subject to summary dismissal. Accordingly, the Clerk shall issue a summons for service of the amended complaint on defendant Tompkins.

The Clerk shall send the summons, a copy of the amended complaint and this Order to the Plaintiff, who must serve the Defendant with these documents in accordance with Federal Rule of Civil Procedure 4(m). Because the Plaintiff is proceeding *in forma pauperis*, he may elect to have service made by the United States Marshal Service ("USMS"). If the Plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for the Defendant. The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the Plaintiff with forms and instructions for service.

Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service in a timely fashion may result in dismissal of the action without further notice to the Plaintiff. See Fed. R. Civ. P. 4(m); District of Massachusetts Local Rule 4.1.

**SO ORDERED.**

Dated: October 17, 2024                    /s/ Angel Kelley
                                           Hon. Angel Kelley
                                           United States District Judge